**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

ROBERT TUCKER, III,        :
                                 :

         Plaintiff       :
                                 :

        v.              :        CASE NO. 5:12-cv-244-MTT-MSH
                                 :

RALPH SEARCY,           :
                                 :

         Defendant.    :
_____

## ORDER AND RECOMMENDATION

Before the Court is Plaintiff's motion to amend his Complaint to reassert claims against Defendants Sheriff Peacock, Major Kilgore, Dr. Busbee, and the County Commissioner of Upson County. (Mot. to Am. 1, ECF No. 11.) Additionally, Plaintiff currently has pending two motions for appointment of counsel (ECF Nos. 21, 26) and a motion requesting that this Court rule on his pending motions. (ECF No. 29.) Insomuch as the Court is ruling on Plaintiff's currently pending motions, Plaintiff's request for a decision is GRANTED. Plaintiff's motions to appoint are denied. Plaintiff's motion to amend is granted, but it is recommended that his claims be dismissed for failure to state a claim as explained below.

## BACKGROUND

As previously explained, this action arises out of an alleged denial of medical care at the Upson County Jail. Plaintiff's Complaint alleges that he was diagnosed with "diabetic retinitis" of his left eye on February 11, 2011. Plaintiff was seen by a

"specialist," and Defendant Captain Ralph Searcy was apparently informed that Plaintiff required "immediate medical attention." Plaintiff alleges that he was nonetheless denied treatment for this condition, that his condition continued to "get worse," and that he needs corrective surgery.

Plaintiff's only remaining claim after a preliminary review is a claim pursuant to 42 U.S.C. § 1983 for Captain Ralph Searcy's alleged deliberate indifference regarding Plaintiff's serious medical needs. The other Defendants were dismissed from the action because Plaintiff failed to allege any specific allegations against those Defendants. (Order, Sept. 24, 2012, ECF No. 12.) Plaintiff now moves to amend to specifically assert claims against Defendants Sheriff Peacock, Major Kilgore, Dr. Busbee, and the County Commissioner of Upson County. Plaintiff alleges in his amendment that Defendant Searcy told Plaintiff's eye specialist that Searcy would relay Plaintiff's medical conditions to Defendants Peacock and Kilgore and that they would be sure to get Plaintiff back for treatment. (Mot. to Am. 2.) He also claims that Dr. Busbee violated his Eighth Amendment rights "for his actions in denying medical consultations with any retina specialist concerning [Plaintiff's] retinitis." (*Id.* at 3.) Plaintiff has made no specific allegation against the County Commissioner of Upson County.

## DISCUSSION

### I. Motions to Appoint

Plaintiff has two motions for appointment of counsel (ECF Nos. 21, 26) currently pending. Under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." However, there is "no absolute

constitutional right to the appointment of counsel." *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court should consider, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989).

Plaintiff has set forth the essential factual allegations underlying his claims, and the applicable legal doctrines are readily apparent. Plaintiff therefore has not alleged the exceptional circumstances justifying appointment of counsel under *Holt*. The Court on its own motion will consider assisting Plaintiff in securing legal counsel *if and when* it becomes apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights. Accordingly, Plaintiff's motions for appointment of counsel are DENIED at this time.

## II.     Motion to Amend

### A.     Amendment as of Course

Federal Rules of Civil Procedure Rule 15(a)(1)(B) allows a party to amend its pleading one time as a matter of course prior to the filing of a responsive pleading. Consequently, Plaintiff is entitled to amend his Complaint this one time. Thus, Plaintiff's Motion to Amend is GRANTED. Plaintiff's amendments, however, require additional consideration pursuant to the Prisoner Litigation Reform Act's preliminary review ("PLRA"). 28 U.S.C. § 1915A.

### B.     Preliminary Review of Plaintiff's Amended Claims

*1.      Standard for Preliminary Review*

When conducting a preliminary review under § 1915A, the district court must accept all factual allegations in the Complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nonetheless, a district court may still dismiss a prisoner complaint after the initial review if it finds that the complaint (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. §1915(2)(B).

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint is thus properly dismissed by the district court *sua sponte* if it is found to be "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Id.* In other words, the complaint must allege "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.*

"[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

To state a claim for relief under §1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

### 2. *Analysis of Plaintiff's Claims*

Plaintiff contends that Defendants Sheriff Peacock, Major Kilgore, Dr. Busbee, and the County Commissioner of Upson County should be added back into his Complaint because he has now made specific allegations against each of these defendants. As explained above, Plaintiff now alleges that Defendant Searcy told Plaintiff's eye specialist that Searcy would relay Plaintiff's medical conditions to Defendants Peacock and Kilgore and that they would be sure to get Plaintiff back for treatment. (Mot. to Am. 2.) He also claims that Dr. Busbee violated his Eighth Amendment rights "for his actions in denying medical consultations with any retina specialist concerning [Plaintiff's] retinitis." (*Id.* at 3.) Plaintiff has made no specific allegation against the County Commissioner of Upson County.

In order to state an Eighth Amendment claim for inadequate medical care, a

prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). These allegations must satisfy both an objective and subjective component. *Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1186 (11th Cir. 1994), *overruled in part on other grounds by Hope v. Peltzer*, 536 U.S. 730, 739 (2002). Under the first component, a prisoner must set forth evidence of an "objectively serious medical" need that, if left unattended, poses a substantial risk of serious harm. *Taylor v. Adams*, 221 F.3d 1254, 1257 (11th Cir. 2000). A medical need is serious if it has been diagnosed by a doctor as mandating treatment or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention. *Hill*, 40 F.3d at 1187. The prisoner must then demonstrate that a prison official had subjective knowledge of the risk of serious harm and disregarded that risk. *Bozeman v. Orum*, 422 F.3d 1265, 1272 (11th Cir. 2005).

Plaintiff's only contention against Defendants Peacock and Kilgore is that Defendant Searcy told Plaintiff's eye specialist that Searcy would relay Plaintiff's condition to Defendants Peacock and Kilgore and that they would be sure to get Plaintiff back for treatment. (Mot. to Am. 2.) In other words, Plaintiff does not allege that Defendants Peacock and Kilgore had subjective knowledge of his serious medical need; merely that he was told that Defendants Peacock and Kilgore would be told of his condition. Such a speculative allegation does not state a claim for relief under 42 U.S.C. § 1983. *See, e.g., Twombly*, 550 U.S. at 555-56 (2007). At best, Plaintiff could be asserting an allegation that Defendants Peacock and Kilgore are vicariously liable for the actions of Captain Searcy. However, "vicarious liability is inapplicable to . . . § 1983

6

suits[.]" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* Plaintiff has not done so here regarding Defendants Peacock or Kilgore. It is consequently recommended that Defendants Peacock and Kilgore be dismissed from the Amended Complaint.

Likewise, Defendant County Commissioner of Upson County should be dismissed from this action because Plaintiff has not made any factual allegations against the Commissioner. It is well-settled that a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendants with the alleged constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")).

Finally, Plaintiff has amended his Complaint to add a claim against Dr. Busbee. Specifically, he alleges that Dr. Busbee violated his Eighth Amendment rights "for his actions in denying medical consultations with any retina specialist concerning [Plaintiff's] retinitis." (Mot. to Am. 3.) This claim should also be dismissed for failure to state a claim. "To establish deliberate indifference, the plaintiff must show that the officials had subjective knowledge of a risk of serious harm, yet disregarded that risk by conduct that is more than mere negligence." *Bell v. Sec'y of Fla. Dep't of Corr.*, 491 F. App'x 57, 59 (11th Cir. 2012). Furthermore, "[m]atters of medial judgment do not rise to

the level of deliberate indifference." *Id.* At most, Plaintiff has alleged negligence on the part of Dr. Busbee, which does not constitute a cognizable claim under § 1983. It is therefore also recommended that Dr. Busbee be dismissed from this action.

## CONCLUSION

For the reasons explained above, Plaintiff's motion for a decision (ECF No. 29) and motion to amend (ECF No. 11) are granted. Plaintiff's motions for appointment of counsel (ECF Nos. 21, 26) are denied at this time. It is RECOMMENDED that the claims in the Amended Complaint against Defendants Peacock, Kilgore, Busbee and the Upson County Commissioner be DISMISSED for failure to state a claim under 28 U.S.C. § 1915A(b)(1). Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the United States District Court within fourteen (14) days after being served with a copy hereof.

SO ORDERED and RECOMMENDED, this 19th day of April, 2013.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE