IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ROBERT TUCKER, III, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CASE NO. 5:12-cv-244-MTT-MSH |
| | : | |
| RALPH SEARCY, | : | |
| | : | |
| Defendant. | : | |

_____

**ORDER AND
REPORT AND RECOMMENDATION**

Presently pending before the Court are Defendant's motion for summary judgment (ECF No. 31), Plaintiff's motion to stay (ECF No. 38), and Plaintiff's motion to amend (ECF No. 39). For the reasons explained below, Plaintiff's motions are denied. Additionally it is recommended that Defendant's motion for summary judgment be granted.

**BACKGROUND**

This action arises out of an alleged denial of medical care at the Upson County Jail (UCJ). Plaintiff was incarcerated at UCJ from approximately June 2010 to mid-July 2011. Plaintiff's Complaint alleges that he was diagnosed with "diabetic retinitis" of his left eye on February 11, 2011. Plaintiff was seen by a "specialist," and Defendant Captain Ralph Searcy was apparently informed that Plaintiff required "immediate medical attention." Plaintiff alleges that he was nonetheless denied treatment for this condition, that his condition continued to "get worse," and that he needs corrective

surgery.

Plaintiff's only remaining claim after a preliminary review is a claim pursuant to 42 U.S.C. § 1983 for Captain Ralph Searcy's alleged deliberate indifference regarding Plaintiff's serious medical needs. The other Defendants were dismissed from the action because Plaintiff failed to allege any specific allegations against those Defendants. (Order, Sept. 24, 2012, ECF No. 12.) Plaintiff filed a motion to amend his complaint to add back in Defendants Sheriff Peacock, Major Kilgore, Dr. Busbee, and the County Commissioner of Upson County. This motion to amend was granted and Plaintiff's new claims against these defendants were reviewed pursuant to 28 U.S.C. § 1915A. (Order & Report & Recommendation 3-8, April 19, 2013, ECF No. 30.) Upon a preliminary review, Plaintiff's amended claims against Defendants Peacock, Kilgore, Busbee, and County Commissioner of Upson County were dismissed for failure to state a claim. (Order 1-2, May 22, 2013, ECF No. 35.)

Prior to the final ruling on Plaintiff's amended claims, Defendant Searcy moved for summary judgment as to Plaintiff's claims that Searcy was deliberately indifferent to Plaintiff's severe medical needs. (ECF No. 31.) After the motion for summary judgment was fully briefed, Plaintiff moved to stay ruling on the motion for summary judgment (ECF No. 38) so that he could find an attorney to represent him in this case. Plaintiff then moved to amend his complaint to add back in Defendants Peacock, Busbee, and Kilgore and to change the amount of damages requested against each defendant. (ECF No. 39.) These motions are now ripe for review.

## DISCUSSION

I.  **Motion to Amend**

Plaintiff filed a motion to amend his complaint under Federal Rule of Civil Procedure Rule 15[1] to add claims against previously twice dismissed Defendants Peacock, Busbee, and Kilgore. His amended claims state: (1) that Defendant Peacock had personal knowledge of his serious medical need because Defendant Peacock had the authority to approve outside medical treatment; (2) that Dr. Busbee is liable because he ignored Plaintiff's grievances and requests for medical help concerning his diabetic retinopathy and high blood sugar; and (3) that, without any factual support for the assertion, Defendant Kilgore conspired with Defendants Searcy, Peacock, and Busbee to be deliberately indifferent to Plaintiff's medical needs. For the same reasons explained to Plaintiff concerning dismissal of these defendants for failure to state a claim originally and on Plaintiff's first amendment, Plaintiff's motion to amend his Complaint is denied. *See, e.g., Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile."); *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004) ("[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile.")

---

[1] Plaintiff must seek leave of court to amend his complaint under Rule 15(a)(2) because neither of the requirements for an amendment as of course are met here.

Furthermore, the Court notes the prejudice to the potential defendants that would arise if the Court would allow Plaintiff to again amend his Complaint. Plaintiff has attempted to add these same defendants in his action both originally and on an amendment. Plaintiff's first amendment was accepted by the Court, but was dismissed for failure to state a claim against any of these defendants. Plaintiff has therefore already had two attempts to state claims against Defendants Peacock, Busbee, and Kilgore. Plaintiff then waited until discovery had closed, the dispositive deadline motion had expired, and briefing on the motion for summary judgment was complete before again moving to amend his complaint. Allowing an amendment against these defendants at this late stage in the proceedings would greatly prejudice them. Consequently, Plaintiff's motion to amend is denied.

## II.   Defendant Searcy's Motion for Summary Judgment

### A.   Standard of Review

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

B.     Defendant Searcy's Motion

Defendant Searcy claims that he is entitled to summary judgment on Plaintiff's claims because there are no genuine issues of material facts regarding whether Defendant Searcy was deliberately indifferent to Plaintiff's medical needs. The Court agrees. Consequently, as explained below, summary judgment is appropriate.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty*, 50 F.3d 1579, 1581 (11th Cir. 1995). An Eighth Amendment claim for inadequate medical care requires a showing of acts or omissions sufficiently harmful to evidence deliberate indifference to a serious medical need.[2] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A deliberate indifference claim contains both an objective and subjective component. *Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1186 (11th Cir. 1994), *overruled in part on other grounds by Hope v. Peltzer*, 536 U.S. 730, 739 (2002). Under the first component, a prisoner must set forth evidence of an "objectively serious medical" need that, if left unattended, poses a substantial risk of serious harm. *Taylor v. Adams*, 221 F.3d 1254, 1257 (11th Cir. 2000). A medical need is serious if it has been diagnosed by a doctor as

---

[2] Plaintiff was a pre-trial detainee while at UCJ. Consequently, his claims are property analyzed under the Fourteenth Amendment. *See, e.g.Gilmore v. Hodges,* 738 F.3d 266, 271 (11th Cir. 2013) ("Pretrial detainees, however, must proceed under the Due Process Clause of the Fourteenth Amendment."). Regardless, "the minimum standard for provided medical care to a pretrial detainee is identical to the minimum standard required by the Eighth Amendment for a convicted prisoner, and thus we analyze the claim under the decisional law of both amendments." *Id.*

5

mandating treatment or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention. *Hill*, 40 F.3d at 1187. The prisoner must then show deliberate indifference—i.e., that a prison official had subjective knowledge of the risk of serious harm and disregarded that risk. *Bozeman v. Orum*, 422 F.3d 1265, 1272 (11th Cir. 2005).

Defendant Searcy has presented uncontested evidence that shows that he was the jail administrator at UCJ while Plaintiff was incarcerated there from February to July 2011. (Searcy Decl. ¶ 2, May 6, 2013, ECF No. 32-1.) In this position, Defendant Searcy scheduled transportation for inmates to attend medical appointments, but did not have the authority to schedule medical appointments. (*Id.* ¶ 3; Tucker Dep. 82:8-11.) Either the Sheriff or the Chief Deputy had to approve of a medical appointment before Defendant Searcy could schedule transportation. (Searcy Decl. ¶ 3.) Dr. Rowe, a specialist who diagnosed Plaintiff with diabetic retinopathy in February 2011, provided several different treatment options for Plaintiff, but did not specify which treatment option should be pursued or was the best. (*Id.* ¶ 5; *see also* Tucker Dep. 24:16-28:8, 29:15-30:2, & Exs. 2-3, Apr. 3, 2013, ECF No. 33.) Defendant Searcy discussed the various treatment options with his superiors after Plaintiff's appointment with Dr. Rowe, but did not have the authority to either pursue a treatment option or schedule any medical appointments for Plaintiff. (Searcy Decl. ¶¶ 6-7.)

Defendant Searcy and his superiors acted on the assumption that Plaintiff "would be sentenced and moved to the state prison system before he could receive any off-site treatment [UCJ] might schedule for him." (Searcy Decl. ¶ 8; Tucker Dep. 37:21-38:5.)

Consequently, Defendant Searcy attempted to expedite Plaintiff's departure from UCJ by contacting the district attorney to see if Plaintiff's bond could be reduced so that his family could pursue medical treatment or if his sentencing hearing date could be moved up so he could receive treatment in the state prison system. (Searcy Decl. ¶¶ 8-9; Tucker Dep. 80:21-81:4.) Furthermore, during Plaintiff's stay at UCJ, he continued to receive treatment from UCJ's physician, Dr. Busbee, who was aware of his diabetic retinopathy diagnosis. (*Id.* ¶¶ 11-12; Tucker Dep. 28:5-9.)

These undisputed facts show that Defendant Searcy was not deliberately indifferent to Plaintiff's medical need.[3] To the contrary, Defendant Searcy did not have authority to make any medical decisions or appointments for Plaintiff. Despite this, Defendant Searcy contacted Plaintiff's family, his superiors, and the district attorney in an attempt to get Plaintiff better and faster treatment. In other words, there is no evidence that Defendant Searcy disregarded any risk to Plaintiff, especially not by conduct that constitutes more than negligence. *See, e.g., Bell v. Sec'y of Fla. Dep't of Corr.*, 491 F. App'x 57, 59 (11th Cir. 2012) ("To establish deliberate indifference, the plaintiff must show that the officials had subjective knowledge of a risk of serious harm, yet disregarded that risk by conduct that is more than mere negligence.")

Plaintiff's only argument in response is that Defendant Searcy had control over transport at UCJ. (Pl.'s Objections to Def.'s Mot. for Summ. J. 1, ECF No. 36.) Therefore, Plaintiff argues, Defendant Searcy should have procured treatment for

---

[3] The Court assumes, without deciding, that Plaintiff had a serious medical need despite the fact that Plaintiff has repeatedly declined treatment for his diabetic retinopathy. (Tucker Dep. 49:18-51:3 & Exs. 5-6.)

7

Plaintiff during the five months after his diagnosis. (*Id.* at 1-2.) This argument is consistent with Defendant Searcy's statement that he had control over transport in his capacity as jail administrator. Plaintiff jumps to the conclusion that Defendant Searcy was deliberately indifferent to his medical needs merely because he had authority to schedule transport without showing that Defendant Searcy had any authority over Plaintiff's medical care. The uncontested evidence shows that Defendant Searcy did not have authority to schedule or approve of medical appointments. (Searcy Decl. ¶ 3; Tucker Dep. 82:8-11.) Consequently, because Defendant Searcy was not deliberately indifferent to Plaintiff's medical needs, his motion for summary judgment should be granted.

### III.   Plaintiff's Motion to Stay

On June 12, 2013, the Court received a motion from Plaintiff seeking to stay ruling on Defendant's motion for summary judgment for thirty days so that Plaintiff could "obtain the professional assistance of counsel to perfect the pleadings and secure the evidentiary documents" necessary to avoid summary judgment. (Pl.'s Mot. to Stay Summ. J. 1, ECF No. 38.) The motion for summary judgment was fully briefed prior to Plaintiff's motion. Regardless, more than thirty days have passed since Plaintiff's request and it does not appear that Plaintiff has been able to procure counsel to represent him in this matter. Consequently, Plaintiff's motion is denied as moot.

### CONCLUSION

For the reasons explained above, Plaintiff's motion to amend (ECF No. 39) and motion to stay (ECF No. 38) are denied. Additionally it is recommended that

Defendant's motion for summary judgment be granted (ECF No. 31).  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file objections to this Recommendation in writing with the United States District Court within fourteen (14) days after being served with a copy hereof.

    SO ORDERED and RECOMMENDED, this 6th day of March, 2014.

                                          S/ Stephen Hyles
                                          UNITED STATES MAGISTRATE JUDGE